WILKINSON, Circuit Judge,
concurring:
I concur in Judge King’s opinion affirming the district court’s decision to preliminarily enjoin the second disclaimer mandated by the Montgomery County Resolution but not the first. Compelled speech is not an all-or-nothing matter, and this case illustrates why. Because the dangers of compelled speech are real and grave, courts must be on guard whenever the state seeks to force an individual or private organization to utter a statement at odds with its most fundamental beliefs. See Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt., No. 11-1111, 721 F.3d 264, 2013 WL 3336884 (4th Cir.2013) (en banc) (Wilkinson, J., dissenting). But in exercising its broad police power to regulate for the health and safety of its citizens, the state must also enjoy some leeway to require the disclosure of the modicum of accurate information that individuals need in order to make especially important medical and personal decisions.
The first disclosure mandated by the Montgomery County Resolution — that a center “does not have a licensed medical professional on staff’ — falls within the bounds of the state’s authority to safeguard its citizens’ welfare. It requires the centers merely to state both briefly and accurately the professional credentials of their staff rather than to present abortion and birth control as viable options right at the outset of their personal interactions with their clients and notwithstanding their beliefs to the contrary. And it relies on the common-sense notion that pregnant women should at least be aware of the qualifications of those who wish to counsel them regarding what is, among other things, a medical condition.
*194 Pregnancy can be a time of great joy and anticipation — for both parents. But it can also be a time of apprehension and medical anxiety. I thus do not think it remiss for the state to require organizations like Centro Tepeyac to provide a scrap of accurate medical information to pregnant women at what can be a fraught moment, information that can neutrally assist with their search for licensed medical care.
My esteemed colleagues on both sides of this question insist upon seeing the Baltimore Pregnancy Center case and the Centro Tepeyac case as the same, but they decidedly are not. In the Baltimore case, the Center was forced to convey an ideologically freighted message, one directly referencing abortion in a manner directly contrary to the Center’s views. In the Centro Tepeyac case, the required disclosure involved a scintilla of manifestly neutral and medically accurate information in a manner likely to reach the intended recipient. While my dissenting colleague complains that other sources, such as “internet sites, bookstores, or houses of worship ... are left unregulated,” a woman would be far less likely to turn to these sources under the impression that she would find there personal interaction with a “licensed medical professional.” Post at 198.
For pregnancy centers like those in Baltimore and Centro Tepeyac, opposition to abortion and support for healthy pregnancies are core values. Seen in this light, the compelled speech in Baltimore involves the state imprinting its ideology on an unwilling speaker. The compelled speech in Centro Tepeyac involves the de minimis exercise of the basic state responsibility to protect the health of its citizens, nowhere more so than in periods of possible confusion and stress.
This distinction makes all the difference. In Wooley v. Maynard, 430 U.S. 705, 715, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977), the Court quite explicitly noted that state action “which forces an individual ... to be an instrument for fostering public adherence to an ideological point of view” was unacceptable under the First Amendment. And W. Va. State Bd. of Educ. v. Barnette, 319 U.S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628 (1943), rested on the principle that the state cannot press ideological speech onto the lips of nonconforming individuals. The state tried to do exactly this in the Baltimore case, but it did not overstep in the upheld disclosure here.
These two cases underscore the drawbacks of addressing in stark absolutes a problem that is one of degree and gradation. The fact that litigants bring before courts a set of strongly competing interests and strenuously opposing views does not mark the perspective of either side as illegitimate. On a problem this difficult, courts should not fall off the cliff in either direction.
For these reasons, I think the first disclaimer mandated by the Resolution is permissible. And for the reasons given by the district court, I also agree with its decision to preliminarily enjoin the second disclaimer as an unconstitutional form of compelled speech.